**Dated: January 17, 2014**
**The following is SO ORDERED:**

_____
George W. Emerson, Jr.
**UNITED STATES BANKRUPTCY JUDGE**

_____

```
                                                                    IT110
                    UNITED STATES BANKRUPTCY COURT
                    WESTERN DISTRICT OF TENNESSEEE

In Re                                                     Chapter 13
THOMAS RAY DAVIS
Debtor(s)                                                 Case No. 09-20315-E
SSN XXX-XX-7158
```

        ORDER UNDER 11 U.S.C. § 1328(a) DISCHARGING DEBTOR AFTER COMPLETION OF
         ALL PAYMENTS UNDER CHAPTER 13 PLAN COMBINED WITH RELATED ORDERS AND
                              NOTICE OF THE ENTRY THEREOF

     It appears to the court that a petition commencing a case under chapter 13 of the Bankruptcy Code was filed by the above-named debtor(s) on January 12, 2009; that the chapter 13 plan of the debtor(s) has been confirmed; that the debtor(s) has completed all payments under the confirmed plan; that the debtor(s) has certified that all post-petition domestic support obligations have been paid as required by 11 U.S.C. § 1328(a); that the debtor(s) has complied with 11 U.S.C. § 1328(g); and that the debtor(s) is now entitled to a discharge from all dischargeable debts under 11 U.S.C. § 1328(a). Accordingly, and based on the case record as a whole,

IT IS ORDERED AND NOTICE IS HEREBY GIVEN THAT:

     1. All pending motions to dismiss this case and/or objections to confirmation of the plan previously filed by the Standing Chapter 13 Trustee ("Trustee"), if any, are hereby authorized to be withdrawn at the request of the Trustee.

     2. The above-named chapter 13 debtor(s) is granted a discharge under 11 U.S.C. § 1328(a) of all dischargeable debts.*

     3. All creditors whose debts are discharged by this order are hereby enjoined from instituting or continuing any action or employing any process or engaging in any act to collect such debts as personal liabilities of the above-named debtor(s).

     4. The Bankruptcy Court Clerk shall promptly cause a copy of this order and notice to be sent to all creditors; the United States Trustee for Region 8; the Chapter 13 Trustee; the debtor(s); the attorney for the debtor(s), if applicable; and any entities who have filed a request that all notices be sent to them.

CC:    Chapter 13 Trustees
       THOMAS RAY DAVIS
       JIMMY MCELROY ATTY
       All Entities on Matrix

*PLEASE SEE THE BACK OF THIS ORDER AND NOTICE FOR IMPORTANT INFORMATION RE EXPLANATION OF A BANKRUPTCY DISCHARGE IN A CHAPTER 13 CASE.

EXPLANATION OF A BANKRUPTCY DISCHARGE IN A CHAPTER 13 CASE

<u>INTRODUCTION</u>
The following information is only a general summary of the chapter 13 discharge. There are exceptions to general rules mentioned below. Because the law is complicated, you may want to consult an attorney of your choice to determine the exact effect of the discharge in this chapter 13 case.

<u>COLLECTION OF DISCHARGED DEBTS PROHIBITED</u>
The chapter 13 discharge prohibits any attempt to collect from the debtor(s) a debt that has been discharged. For example, a creditor (or other interested party) is not permitted to contact a debtor by mail, e-mail, telephone, or otherwise, to file or continue a lawsuit, to attach or garnish wages or other property, or to take any other action to collect a discharged debt from the debtor. A creditor violate this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the granting of the discharge, if that lien was not avoided or otherwise eliminated in the chapter 13 case. Also, a debtor may voluntarily pay any debt that has been discharge.

<u>DEBTS THAT ARE DISCHARGED</u>
The full compliance discharge that is granted after the debtor completes all payments under the confirmed chapter 13 plan under 11 U.S.C. section 1328(a) eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed.

If a creditor does not file a complaint with the bankruptcy court seeking to determine the dischargeability of a particular debt under 11 U.S.C. section 523(a)(2) (for actual fraud, false pretenses, or a false representation) or a debt under 11U.S.C. section 523(a)(4) (for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny) within the time fixed by the court (or that such complaint was filed, and after due notice and hearing, was not sustained), such debt will be discharged notwithstanding the circumstances surrounding the debt under section 523(a)(2) or (4).

<u>DEBTS THAT ARE NOT DISCHARGED</u>
Some of the common types of debts which are not discharged in a chapter 13 case are:
a. Any debt provided for under 11 U.S.C. section 1322(b)(5), and on which the last payment is due after the date on which the final payment under the plan is due (e.g., a long term home mortgage debt).
b. Any tax debt of the kind specified in 11 U.S.C. section section 507(a)(8)© and 523(a)(1)(B)-(C).
c. Any debt determined (or will be determined) by order of this court to be nondischargeable - that is, excepted from discharge under 11U.S.C. section 523(a)(2) (debts incurred through actual fraud, false pretenses, or a false representation) or any debt under 11 U.S.C. section 523(a)(4) (debts incurred through fraud as a fiduciary, embezzlement, or larceny).
d. Any debt not listed or scheduled by the debtor in time to permit the creditor to timely file a proof of claim.
e. Any debt for domestic support obligations (e.g., alimony, maintenance, or support).
f. Debts for most student loans.
g. Any debt for death or personal injury caused by the debtor's operation of a motor vehicle, vessel, or aircraft, if such operation was unlawful because the debtor was intoxicated from using alcohol, a drug, or another substance.
h. Any debt for restitution, for a criminal fine, included in a sentence on the debtor's conviction for a crime.
i. For restitution, or damages awarded in a civil action against the debtor as a result of willful or malicious injury by the debtor that caused
personal injury to an individual or the death of an individual.
j. Any postpetition debt based on an allowed claim arising under 11 U.S.C. section 1305(a)(2) if prior approval by the Chapter 13 trustee of the debtor's incurring such debt was practicable and was not obtained.
k. Notwithstanding the provisions of the Bankruptcy Code, 11 U.S.C. section section 101 et.swq., any debt made nondischargeable by 18 U.S.C. section 3613(f), by certain provisions of titles, 10, 37, 38, 42, and 50 of the United States Code, or by any other applicable provision of law.
l. Any debt for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements fo reaffirmation of debts.

<u>ADDITIONAL CONDITIONS OF GRANTING OF DISCHARGE</u>
It is noted at 11 U.S.C. section 1328(a) also conditions the granting of a chapter 13 discharge on the debtor's payment of certain postpetition domestic support obligations. It is further noted that the granting of a chapter 13 discharge is additionally conditioned on the debtor complying with 11 U.S.C. section 1328(g) and the filing of OBF23("Debtor's Certification of Completion of Instructional Course Concerning Personal Financial Management")

ORDUNDER 1328(A)DISCHDEB -2 5 07 CO0075

United States Bankruptcy Court
Western District of Tennessee

In re:                                                              Case No. 09-20315-gwe
Thomas Ray Davis                                                    Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0651-2          User: jane                Page 1 of 2              Date Rcvd: Jan 17, 2014
                              Form ID: pdftr05          Total Noticed: 25

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 19, 2014.
db         +Thomas Ray Davis,    3391 Marshall Road,    Munford, TN 38058-7321
cr         +eCAST Settlement Corporation,    C/O Bass & Associates, P.C.,    3936 E. Ft. Lowell Rd., Suite 200,
             Tucson, AZ 85712-1083
29104318   +Bapt Mem Hosp Tipton,    c/o Mutual Collection Company,    PO Box 11629,    Memphis, Tn 38111-0629
29076967   +C.R.S.,    2650 Thousand Oaks,    Memphis, TN 38118-2451
29076968   +Capital One,    P.O. Box 30281,    Salt Lake City, UT 84130-0281
29134447   +Cash Express,    8 North Tipton,    Munford, TN 38058-6467
29190457    CitiFinancial,Inc,    Irving, TX 75014-0489
29076969   +Citifinancial,    105 Mueller Brass Road,    Covington, TN 38019-3758
29076971   +First Heritage,    877 A Hwy 51 N,    Covington, TN 38019-1701
29141284   +First Heritage Credit,    105 F Mueller Brass Road,    Covington, TN 38019-3758
29076972    GEMB/Sams,    P.O. Box 981400,    Spartanburg, SC 29304
29076973   +HSBC,    P.O. Box 15521,    Wilmington, DE 19850-5521
29223670   +HSBC Bank Nevada, N.A.,    eCAST Settlement Corporation,    c/o Bass & Associates, P.C.,
             3936 E. Ft. Lowell Rd, Suite 200,    Tucson, AZ 85712-1083
29237819   +Methodist Lebonheur Healthcare,    C/O Consolidated Recovery Systems,
             2650 Thousand Oaks Blvd, Ste 4200,    Memphis, TN 38118-2451
29076975   +Shelby County General Sessions,    140 Adams Rm 106,    Memphis, TN 38103-2076
29134448    Verizon Wireless,    PO Box 660108,    Dallas, TX 75266-0108
29180244    eCAST Settlement Corporation assignee of Capital,    One Bank,    POB 35480,    Newark NJ 07193-5480

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
29076970   +E-mail/Text: creditonebknotifications@resurgent.com Jan 17 2014 22:49:27     Credit One Bank,
             P.O. Box 98872,    Las Vegas, NV 89193-8872
29141703    E-mail/PDF: rmscedi@recoverycorp.com Jan 17 2014 22:57:49     GE Money Bank (SAM'S CLUB),
             Attn: Ramesh Singh,   c/o Recovery Management Systems Corp.,    25 SE 2nd Avenue, Suite 1120,
             Miami, FL 33131-1605
29076974   +E-mail/PDF: resurgentbknotifications@resurgent.com Jan 17 2014 22:52:25     LVNV Funding,
             P.O. Box 10584,    Greenville, SC 29603-0584
29255550    E-mail/PDF: resurgentbknotifications@resurgent.com Jan 17 2014 22:51:56     LVNV Funding LLC,
             Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
29099105    E-mail/PDF: resurgentbknotifications@resurgent.com Jan 17 2014 22:51:15
             LVNV Funding LLC its successors and assigns as,    assignee of MHC Receivables, LLC,
             Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
29140638    E-mail/PDF: rmscedi@recoverycorp.com Jan 17 2014 22:52:31
             Recovery Management Systems Corporation,    25 S.E. 2nd Avenue, Suite 1120,
             Miami, FL 33131-1605
29254478    E-mail/Text: bankruptcy.noticing@security-finance.com Jan 17 2014 22:49:27
             SFC- Central Bankruptcy,    209 DAWSON RD. STE. 4B,    COLUMBIA, SC. 29223
29141725   +E-mail/Text: bankruptcy.noticing@security-finance.com Jan 17 2014 22:49:27     Security Financial,
             P.O. Drawer 811,,    Spartanburg, SC 29304-0811
                                                                                               TOTAL: 8

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr             First Heritage Credit
cr*            Citifinancial, Inc.,    PO Box 140489,    Irving, TX 75014-0489
29190458    ##CitiFinancial, Inc,    P.O. Box 140489,    Irving, TX 75014-0489
                                                                                   TOTALS: 1, * 1, ## 1

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.   Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 19, 2014                                  Signature:   /s/Joseph Speetjens

```
District/off: 0651-2           User: jane                 Page 2 of 2                   Date Rcvd: Jan 17, 2014
                               Form ID: pdftr05           Total Noticed: 25
```

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 17, 2014 at the address(es) listed below:
              David E. Drexler    on behalf of Creditor    First Heritage Credit bankruptcy@stonehiggsdrexler.com
              Jimmy E. McElroy    on behalf of Debtor Thomas Ray Davis jimmy_3780@hotmail.com
              Recovery Management Systems Corporation    claims@recoverycorp.com
              Sylvia F. Brown    ecf@ch13sfb.com
              U.S. Trustee    ustpregion08.me.ecf@usdoj.gov
                                                                                              TOTAL: 5
```